UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RICH MEDIA CLUB LLC,<br><br>       Plaintiff,<br>vs.<br><br>DMG MEDIA LIMITED,<br><br>       Defendant. | Case No. 2:23-cv-388<br><br>**COMPLAINT**<br><br>Jury Trial Demand |

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, against Defendant DMG Media Limited ("DMG") that relates to three U.S. patents owned by Rich Media Club, LLC ("RMC"): 11,443,329; 11,631,115; and 11,741,482 (collectively, the "Patents-in-Suit").

## The Parties

1. Plaintiff Rich Media Club LLC ("RMC") is a company organized under the laws of the State of Florida with a principal place of business in Salt Lake City, Utah.

2. Defendant DMG Media Limited ("DMG") is a private limited company organized under the laws of the country of England with a principal place of business at Northcliffe House, 2 Derry Street, London, W8 5TT.

## Jurisdiction and Venue

3. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and more particularly 35 U.S.C. § 271.

4. This Court has jurisdiction over the subject matter of the patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

5. DMG is subject to this Court's general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, due at least to its substantial business conducted in this District, including: (i) having solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Texas and in this District, and (iii) having committed the complained of tortious acts in Texas and in this District. DMG, directly and/or through subsidiaries and agents (including distributors, retailers, and others), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises (including offering products and services through its website, dailymail.co.uk) its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. DMG, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be used by consumers in the Eastern District of Texas. DMG has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

6. Venue is proper as to Defendant DMG, which is organized under the laws of England. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district."

**Background Facts**

**Online Advertising and RMC's Technology**

7.      RMC solves technical issues with online advertising with innovative, patented technology. By understanding the relationship between the size of content and the size of ads placed alongside the content, RMC's technology can, among other things: (1) assist in loading ads just before a user is expected to scroll to the content; (2) confirm that an ad is actually placed with the content regardless of whether it becomes viewable (and for how long); (3) confirm that an ad actually became viewable (and for how long); and (4) allow for the "first print" of ads to be replaced with a "second print" different ad based on various criteria, such as how long the first print ad had been placed, was viewable, or both.

8.      On May 17, 2023, RMC sent a notice of patent infringement letter to DMG regarding its infringement of U.S. Patent Nos. 11,443,329, 11,631,115, and allowed U.S. Patent App. No. 17/961,952 (now issued U.S. Patent No. 11,741,482). The letter included detailed claim charts for each infringed claim. RMC and DMG continued to communicate via email and by phone but failed to reach an agreement on licensing terms.

9.      U.S. Patent No. 11,443,329 was duly issued to RMC on September 13, 2022. U.S. Patent No. 11,631,115 was duly issued to RMC on April 18, 2023. U.S. Patent No. 11,741,482 was duly issued to RMC on August 29, 2023.

10.     The patents are subject matter eligible. *See, e.g., Rich Media Club v. Duration Media*, opinion, Case No. 2:22-cv-02086 in the United States District Court of Arizona.

**Count I: Infringement of U.S. Patent No. 11,443,329**

11.     RMC reasserts and realleges the previous paragraphs of this Complaint as though set forth fully here.

12. DMG directly infringes at least claims 1-3 and 5 of the '329 Patent by operating its website at dailymail.co.uk. DMG performs each and every limitation of the claimed methods:

> 1. A method comprising:
>
> (a) determining whether a predefined area of an ad content display page that is used to display an advertisement is in view within a visible area of a browser window of a browser configured to be operated by a remote computing device, wherein the predefined area is a portion of the ad content display page, and wherein the ad content display page includes (i) the predefined area configured to display advertisement content, the predefined area being a portion of the ad content display page, and (ii) page content displayed in other portions of the ad content display page, the page content being separate from the advertisement content; and
>
> (b) in response to a determination that the predefined area that is used to display the advertisement has been in view within the visible area of the browser window for a predefined period of time, causing a communication to be sent to one or more dispatcher servers, wherein the one or more dispatcher servers are configured to:
>
>> (i) receive the communication;
>>
>> (ii) cause a replacement advertisement to be selected for display on the ad content display page; and
>>
>> (iii) cause the replacement advertisement to be served to the remote computing device;
>>
>> wherein the browser is further configured to render the replacement advertisement in the predefined area.
>
> 2. The method of claim 1 wherein the replacement advertisement is selected at least partially as a result of a replacement auction.
>
> 3. The method of claim 2 wherein the replacement auction is conducted in real time between the time the second communication is sent from the remote computing device and the time that the replacement advertisement is selected.
>
> 5. The method of claim 1 wherein the predefined area of the ad content display page currently displays an advertisement, and wherein the replacement advertisement replaces the currently displayed advertisement.

13. RMC has suffered and is suffering damages as a result of DMG's infringement, which damages may include lost profits or a reasonable royalty in an amount to be determined at trial.

14. DMG has had knowledge of the '329 Patent and allegations of how the Accused website infringes claims of the '329 Patent since at least May 17, 2023, when DMG received a notice of patent infringement letter from RMC. DMG's infringement of the '329 Patent is therefore willful and deliberate, entitling RMC to increased damages under 35 U.S.C. § 284.

15. DMG's conduct is also exceptional, entitling RMC to recover its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### Count II: Infringement of U.S. Patent No. 11,631,115

16. RMC reasserts and realleges the previous paragraphs of this Complaint as though set forth fully here.

17. DMG directly infringes at least claim 1 of the '115 Patent by operating its website at dailymail.co.uk. DMG performs each and every limitation of the claimed method:

> 1. A method of displaying ad content within a web content page that is viewable in a browser window of a web browser, wherein the web content page is scrollable to allow a portion of the web content page to appear in a viewport of the browser window, and wherein the web content page includes a plurality of ad placement areas, and wherein the ad content is populated into respective ad placement areas, and thereby the ad content that is populated into an ad placement area that appears in the viewport of the browser window is normally visible to a viewer of the browser window, and wherein the ad content is initially attached to the web content page, the method comprising:
>
> (a) setting in a memory a predetermined minimum amount of time that ad content for a particular ad placement area of the web content page is to appear in the viewport;
>
> (b) detecting when the ad content for the particular ad placement area initially appears in the viewport and when the ad content for the particular ad placement area no longer appears in the viewport; and
>
> (c) upon detecting that the ad content for the particular ad placement area which initially appeared in the viewport did not remain in the viewport for at least the predetermined minimum amount of time:
>
>> (i) detaching the ad content for the particular ad placement area from the web content page and its respective ad placement area, and

(ii) positioning the detached ad content for the particular ad placement area in a location within the viewport and maintaining the ad content for the particular ad placement area within the viewport for at least an additional amount of time regardless of any scrolling of the web content page,

the ad content for the particular ad placement area thereby lingering in the viewport for at least the additional amount of time despite the particular ad placement area being outside of the viewport, and

wherein the additional amount of time added to the amount of time that the ad content for the particular ad placement area initially appeared in the viewport equals at least the predetermined minimum amount of time,

wherein any one of the plurality of ad placement areas in the web content page is selectable to be the particular ad placement area that is treated in accordance with steps (a)-(c).

18. RMC has suffered and is suffering damages as a result of DMG's infringement, which damages may include lost profits or a reasonable royalty in an amount to be determined at trial.

19. DMG has had knowledge of the '115 Patent and allegations of how the Accused website infringes claims of the '115 Patent since at least May 17, 2023. DMG's infringement of the '115 Patent is therefore willful and deliberate, entitling RMC to increased damages under 35 U.S.C. § 284.

20. DMG's conduct is also exceptional, entitling RMC to recover its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## Count III: Infringement of U.S. Patent No. 11,741,482

21. RMC reasserts and realleges the previous paragraphs of this Complaint as though set forth fully here.

22. DMG directly infringes at least claims 1, 3, 4, and 6 of the '482 Patent by operating its website at dailymail.co.uk. DMG performs each and every limitation of the claimed method:

6

1. A method for rendering advertisement content in an ad content display page, wherein the ad content display page includes (i) a predefined area configured to display advertisement content, the predefined area being a portion of the ad content display page, and (ii) page content displayed in other portions of the ad content display page, the page content being separate from the advertisement content, the ad content display page being scrollable to allow a portion of the ad content display page to appear in a visible area of a browser window of a browser that is configured to be operated by a remote computing device, the method comprising:

(a) determining whether a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window; and

(b) in response to a determination that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window, causing a communication to be sent from the remote computing device to one or more dispatcher servers, wherein the one or more dispatcher servers are configured to:

    (i) receive the communication, and

    (ii) cause advertisement content to be served to the remote computing device, wherein the browser is configured to render the advertisement content in the predefined area of the ad content display page, and

wherein the advertisement content first appears in the predefined area of the ad content display page only after the one or more dispatcher servers serve the advertisement content to the remote computing device and the browser renders the advertisement content in the predefined area of the ad content display page.

3. The method of claim 2 wherein the advertisement content is selected at least partially as a result of an auction.

4. The method of claim 3 wherein the auction is conducted in real time between the time the communication is sent from the remote computing device and the time that the advertisement content is selected.

6. The method of claim 1 further comprising:

(c) maintaining the same advertisement content that was previously rendered in the predefined area for at least a predefined period of time during the time period that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window.

23. RMC has suffered and is suffering damages as a result of DMG's infringement, which damages may include lost profits or a reasonable royalty in an amount to be determined at trial.

24. DMG has had knowledge of the '482 Patent and allegations of how the Accused website infringes claims of the '482 Patent since at least May 17, 2023. DMG's infringement of the '482 Patent is therefore willful and deliberate, entitling RMC to increased damages under 35 U.S.C. § 284.

25. DMG's conduct is also exceptional, entitling RMC to recover its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## Jury Demand

RMC demands a trial by jury on all issues that may be so tried.

## Request For Relief

WHEREFORE, Plaintiff RMC requests that this Court enter judgment in its favor and against Defendant DMG as follows:

A. Adjudging, finding, and declaring that DMG has infringed the '329 Patent, the '115 Patent, and the '482 Patent under 35 U.S.C. § 271;

B. Awarding the past damages arising out of DMG's infringement of the '329 Patent, the '115 Patent, and the '482 Patent to RMC either in RMC's lost profits or in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

C. Adjudging, finding, and declaring that DMG's infringement is willful and awarding enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

      D.      Awarding attorneys' fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law;

      E.      Entering an injunction preventing DMG from continuing to infringe the '329 Patent, the '115 Patent, and the '482 Patent;

      J.      Granting RMC such other further relief as is just and proper, or as the Court deems appropriate.

DATED: August 29, 2023

Respectfully submitted,

*/s/ Alison A. Richards*
Alison Aubry Richards
IL Bar # 6285669 (*also admitted in ED Texas*)
arichards@giplg.com
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
Telephone: (312) 241-1500

*Attorney for Plaintiff Rich Media Club, LLC*